IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FRANK SOLIS                                                                                   PLAINTIFF

v.                                        Civil No. 4:19-cv-04025

DR. MELINE JONES-FOSTER, Doctor, Correct Care Solutions,
Southwest Arkansas Community Correction
Center ("SWACCC"); CORRECT CARE
SOLUTIONS, Medical Over SWACCC;
MS. REED, ARO SWACCC; and MS. KEENER,
Records, SWACCC                                                                          DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss (ECF No. 18) filed by Defendant Correct Care Solutions ("CCS") and Defendant Dr. Meline Jones-Foster ("Defendant Jones-Foster").[1] Plaintiff has filed a response. (ECF No. 27). The Court finds this matter ripe for consideration.

## BACKGROUND

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Department of Community Correction, Central Arkansas Community Correction Center, in Little Rock, Arkansas. The incidents giving rise to Plaintiff's claims occurred while he was incarcerated in the Southwest Arkansas Community Correction Center ("SWACCC") in Texarkana, Arkansas, serving a sentence as a result of a judgment or conviction. (ECF No. 11, p. 3).

Plaintiff filed his Complaint on February 25, 2019, in the Eastern District of Arkansas. (ECF No. 2). On March 4, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). Plaintiff's motion to proceed *in forma pauperis* was granted

---

[1] In addition to CCS and Jones-Foster, Plaintiff named Ms. Reed and Ms. Keener, both employees of the SWACCC as Defendants. On May 30, 2019, Defendant Keener filed a Motion to Dismiss. (ECF No. 23). This motion is currently pending before the Court. To date, Defendant Reed has not been formally served. (ECF No. 15, p. 2).

that same day. (ECF No. 6). In response to this Court's order (ECF No. 8), Plaintiff filed an Amended Complaint on April 22, 2019. (ECF No. 11).

Plaintiff's only reference to Defendant CCS in his Amended Complaint is in the case caption. (ECF No. 11, p. 1). He does not make any specific allegations against CCS in the body of the Amended Complaint. As to Defendant Jones-Foster, Plaintiff claims she denied him adequate medical care on January 28, 2019 when she "[t]old me since I was off my meds when I was on streets she wasn't giving me my meds my cancer doctor proscribed. And If I learned to stay out of prison I wouldn't have to worry about them putting me on my meds." (ECF No. 11, p. 4). When asked to describe the custom or policy that caused the violation by Defendant Jones-Foster Plaintiff states, "Dr. Jones-Foster neglecting proper medical care." Plaintiff seeks compensatory and punitive damages and requests a "written apology and Doctor to lose license." (ECF No. 11, p. 7).

On May 28, 2019, Defendants CCS and Jones-Foster filed the instant Motion to Dismiss, arguing that Plaintiff has failed to state a claim against them upon which relief can be granted. (ECF No. 18). Specifically, they contend that Plaintiff only makes specific allegations against Defendants Jones-Foster, Reed and Keener, and does not make any reference to Defendant CCS other than listing the company as a defendant in the caption of the Amended Complaint. *Id.* at p. 1.

Defendants also argue that Plaintiff set forth a claim alleging "medical neglect mental anguish" against Defendant Jones-Foster. Defendants argue that negligence does not state a constitutional deprivation and therefore, Plaintiff has failed to state a claim under section 1983. *Id.*

2

**LEGAL STANDARD**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**DISCUSSION**

**A. Defendant CCS**

Plaintiff has named Defendant CCS in the caption of the case but has not made specific claims against the company in his Amended Complaint.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). A complaint should be dismissed for failure to state a claim if the plaintiff's complaint sets forth no facts against a defendant to support the purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant

except for his name appearing in the caption, the complaint is properly dismissed." *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974)).

In the instant case, Plaintiff has failed to plead any facts to support any claims against Defendant CCS. Accordingly, Plaintiff's Amended Complaint against CCS should be dismissed.

### B. Defendant Jones-Foster

#### 1. Individual Capacity Claim

Plaintiff alleges Defendant Jones-Foster refused to provide him with cancer medication that had been prescribed for him by his physician prior to his incarceration in the SWACCC.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation and quotation omitted). To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness,

which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal citation and quotation omitted). A plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). However, intentionally denying or delaying access to medical care may constitute deliberate indifference. *See Estelle*, 429 U.S. at 104-05; *Dulany*, 132 F.3d at 1239. Moreover, when an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow. *See Foulks v. Cole Cnty. Mo.*, 991 F.2d 454 (8th Cir. 1993) (finding liability where jail officials disregarded an instruction sheet from plaintiff's doctor and ignored complaints of sickness and pain).

Plaintiff alleges that he suffers from cancer—a serious medical need. Accepting the remaining allegations in the Amended Complaint as true, the Court finds that Plaintiff has stated enough facts to support an individual capacity claim against Defendant Jones-Foster when she refused to provide him with prescribed medication.[2]

### 2. Official Capacity Claim

Plaintiff also sues Defendant Jones-Foster in her official capacity. When a government contracts with a third party to fulfill a constitutional duty—such as providing medical care—official capacity claims against the third party's employees are treated as claims against the third party itself. *See Cannady v. Cradduck*, 2016 WL 4432704, at *1-2 (W.D. Ark. Aug. 18, 2016) (finding that official capacity claims against employees of a third party medical provider are treated as claims against the company). Thus, Plaintiff's official capacity claims against Defendant Jones-

---

[2] Although Plaintiff's allegations in the Amended Complaint might be construed to "admit" he wasn't taking the medication in the free world as suggested by Defendants, this statement alone does not refute the Court's obligation to construe Plaintiff's Amended Complaint liberally and "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

5

Foster are claims against her employer—CCS. To sustain an official capacity claim against such an entity a plaintiff "must show that there was a policy custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Thus, Plaintiff's official capacity claims against Defendant Jones-Foster are "functionally equivalent" to alleging that her employer, CCS, had "a policy, custom, or [took an] official action" that deprived him of constitutionally adequate medical care. *Veatch*, 627 F.3d at 1275; *Johnson*, 452 F.3d at 973.

Upon review, Plaintiff has failed to allege any policy or custom of CCS that contributed to the alleged violation of Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to state an official capacity claim against Defendant Jones-Foster.

## CONCLUSION

For the reasons stated above, Defendant CCS and Jones-Fosters' Motion to Dismiss (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to the claim against Defendant CCS and the official capacity claim against Defendant Jones-Foster. These claims are **DISMISSED WITH PREJUDICE.** The motion is **DENIED** as to the individual capacity claim for denial of medical care by Defendant Jones-Foster. Accordingly, this claim shall remain for resolution.

**IT IS SO ORDERED**, this 24th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge