IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FRANK SOLIS                                                                    PLAINTIFF

v.                                    Civil No. 4:19-cv-04025

DR. MELINE JONES-FOSTER, Doctor, Correct Care Solutions,
Southwest Arkansas Community Correction
Center ("SWACCC"); CORRECT CARE
SOLUTIONS, Medical Over SWACCC;
MS. REED, ARO SWACCC; and MS. KEENER,
Records, SWACCC                                                            DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 23) filed by Defendant Carlia Keener. Plaintiff has not filed a response and the time to do so has passed.[1]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on February 25, 2019, in the Eastern District of Arkansas.  (ECF No. 2).  On March 4, 2019, the case was transferred to the Western District, Texarkana Division.  (ECF No. 4).   Plaintiff's motion to proceed *in forma pauperis* was granted that same day.  (ECF No. 6).  In response to this Court's order (ECF No. 8), Plaintiff filed an Amended Complaint on April 22, 2019.  (ECF No. 11).   Plaintiff is currently incarcerated in the Department of Community Correction, Central Arkansas Community

---

[1] On June 13, 2019, Plaintiff filed what appeared to be a response to a Motion to Dismiss filed by Defendants Jones and CCS and a request for an extension of time to obtain counsel.  (ECF No. 27).  However, this pleading did not mention Defendant Keener.  As a result, the Court granted Plaintiff an extension of time to file a response to Defendant Keener's motion to dismiss.  (ECF No. 28).  This order informed Plaintiff that failure to file a response to the motion would result in dismissal of his claims against Defendant Keener.  *Id.*

Correction Center in Little Rock, Arkansas. The incidents giving rise to Plaintiff's claims occurred while he was incarcerated in the Southwest Arkansas Community Correction Center ("SWACCC") in Texarkana, Arkansas serving a sentence as a result of a judgment or conviction. (ECF No. 11, p. 3). [2]

Plaintiff's describes his claim against Defendant Keener as "withholding legal mail and opening and taping back shut" on March 18, 2019. (ECF No. 11, p.1). He goes on to state that several pieces of his legal mail "was held 2 weeks and not given tell I was transferred. Made me sign for it but wouldn't let me see it tell I left unit…" *Id.* Plaintiff seeks compensatory and punitive damages and requests a "written apology". (ECF No. 11, p. 7).

On May 30, 2019, Defendant Keener filed the instant Motion to Dismiss arguing that Plaintiff failed to state a claim against her upon which relief can be granted. (ECF No. 23). She contends that Plaintiff failed to allege the mail was sent by his attorney or that Defendant Kenner acted with an improper motive when she allegedly opened and delayed delivery of Plaintiff's mail. In addition, Defendant Keener states that Plaintiff has failed to allege that he was prejudiced or harmed by Defendant Kenner's actions. (ECF No. 23).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009)

---

[2]In addition to Defendant Keener, Plaintiff named Ms. Reed, a former employee of the SWACCC as a Defendant. To date, Defendant Reed has not been formally served. (ECF No. 15, p. 2). Plaintiff's claims against Defendant CCS were dismissed on June 24, 2019, leaving claims against Defendants Jones, Keener and Reed. (ECF No. 29).

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

#### A.  Interference with legal mail

Plaintiff alleges Defendant Keener interfered with his legal mail while he was incarcerated in the SWACCC. He claims his mail was held for two weeks and it was opened and taped "back shut". (ECF No. 11),

Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). "Prisoners' First Amendment rights encompass the right to be free from certain interference with mail correspondence." *Davis v. Norris*, 249 F.3d 800, 801 (8th Cir. 2001). "Interference with legal mail implicates a prison inmate's right to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "A prison policy that obstructs privileged inmate mail can violate inmates' right of access to the courts." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998).

However, an inmate has no standing to pursue a denial of access claim based on interference with legal mail unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided an opportunity to litigate a

claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Here, Plaintiff claims that Defendant Keener withheld his legal mail from him for two weeks and that once he received the mail it appeared to have been opened and taped shut.[3]  First, Plaintiff has not alleged that there was any improper motive on the part of Defendant Keener.  In addition, Plaintiff has failed to allege that he suffered any injury or prejudice resulting from the opening or withholding of his legal mail while he was incarcerated in the SWACCC.[4]  *See e.g., Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (claim fails without evidence of improper motive or resulting interference with inmate's right to counsel or access to courts); *see also Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (an inmate shows actual injury by establishing his position as a litigant was prejudiced due to the disputed acts).  Accordingly, Plaintiff has failed to state a claim against Defendant Keener for denial of access to the courts based on interference with his legal mail.

**B.  Official capacity claim**

Plaintiff also sues Defendant Keener in her official capacity.  Defendant Keener is an employee of the SWACCC.  The SWACCC is an agency of the State of Arkansas.  Therefore, an official capacity claim against Defendant Keener is a claim against a state agency.    States and state agencies are not "persons" subject to suit under § 1983.  *Howlett v. Rose,* 496 U.S. 356

---

[3] The Court notes that Plaintiff has not specifically identified what he characterizes as "legal mail" and whether it was from his attorney or was marked as such.

[4] Plaintiff was specifically ordered by the Court to describe in his Amended Complaint what specific injury he suffered because of the misconduct of the Defendant[s]."  (ECF No. 8, p. 2).  In addition, Plaintiff was warned that failure to do so would result in dismissal of his case for failure to state a claim.  *Id.*

(1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).  Accordingly, Plaintiff's official capacity claims against the SWACCC are barred by sovereign immunity.

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Keener's Motion to Dismiss (ECF No. 23) be **GRANTED** and Plaintiff's individual and official capacity claims against Defendant Keener be **DISMISSED WITH PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 2nd day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE