IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FRANK SOLIS                                                                                          PLAINTIFF

v.                                          Civil No. 4:19-cv-04025

DR. MELINE JONES-FOSTER, Doctor,
Correct Care Solutions, Southwest Arkansas
Community Correction Center ("SWACCC");
and MS. REED, ARO SWACCC                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 42) filed by Defendant Enchantra Reed. Plaintiff has not filed a response and the time to do so has passed. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on February 25, 2019, in the Eastern District of Arkansas. (ECF No. 2). On March 4, 2019, the case was transferred to the Western District, Texarkana Division. (ECF No. 4). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 6). In response to this Court's order (ECF No. 8), Plaintiff filed an Amended Complaint on April 22, 2019. (ECF No. 11). Plaintiff is no longer incarcerated and currently resides in Pine Bluff, Arkansas. The incidents giving rise to Plaintiff's claims occurred while he was incarcerated in the Southwest Arkansas Community Correction

Center ("SWACCC") in Texarkana, Arkansas, serving a sentence as a result of a judgment of conviction. (ECF No. 11, p. 3). [1]

Plaintiff's describes his claim against Defendant Reed as "Failor for due process of grievance procedure…Instead of dealing with issue told me to write warden. Lost first complaint." (ECF No. 11, p. 5). Plaintiff seeks compensatory and punitive damages and requests a "written apology". *Id.* at p. 7.

On August 30, 2019, Defendant Reed filed the instant Motion to Dismiss arguing Plaintiff failed to state a claim against her upon which relief can be granted. (ECF No. 42). She contends Plaintiff's Amended Complaint contains broad and conclusory allegations regarding Defendant Reed's alleged violation of SWACCC's grievance process and the law is well settled that a prison grievance process does not confer substantive rights to inmates. *Id.*

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S.

---

[1] Plaintiff's claims against Defendant CCS were dismissed on June 24, 2019. (ECF No. 29). Plaintiff's claims against Defendant Keener were dismissed on July 22, 2019. (ECF No. 39). The only claims remaining are against Defendants Jones and Reed.

at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

#### A. Grievance Procedure

Plaintiff alleges his constitutional rights were violated when Defendant Reed failed to adequately respond to his grievances. He states instead of responding to his grievance she told him to write the warden and then "lost complaint."

"Inmates do not have a constitutionally protected right to a grievance procedure. Because a … grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the grievance procedure is not actionable under § 1983." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"). Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, Plaintiff has failed to state a claim against Defendant Reed based on her failure to adhere to the SWACCC's grievance procedure.

#### B. Official capacity claim

Plaintiff also sues Defendant Reed in her official capacity. Defendant Reed is an employee of the SWACCC. The SWACCC is an agency of the State of Arkansas. Therefore, an official capacity claim against Defendant Reed is a claim against a state agency. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990)*; Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d

599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) *(citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)). Accordingly, Plaintiff's official capacity claims against the SWACCC are barred by sovereign immunity.

### IV. CONCLUSION

For the foregoing reasons, I recommend Defendant Reed's Motion to Dismiss (ECF No. 42) be **GRANTED** and Plaintiff's individual and official capacity claims against Defendant Reed be **DISMISSED WITH PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2019.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE