IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FRANK SOLIS                                                                                    PLAINTIFF

v.                                      Civil No. 4:19-cv-04025

DR. MELINE JONES-FOSTER, Doctor,
Correct Care Solutions, Southwest Arkansas
Community Correction Center                                                       DEFENDANT

# ORDER

Before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Frank Solis filed this 42 U.S.C. § 1983 action *pro se* on February 25, 2019, in the Eastern District of Arkansas. (ECF No. 2). On March 4, 2019, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 6). In response to this Court's order, Plaintiff filed an Amended Complaint on April 22, 2019. (ECF No. 11).

The Court's order directing Plaintiff to file an Amended Complaint advised him that he must immediately inform the Court of any change of address. Plaintiff was also advised that if he was transferred to another jail or prison or released, he would have 30 days from the date of transfer or release to notify the Court of his new address. (ECF No. 8). The order further stated that failure to inform the Court of an address change would result in the dismissal of this case. *Id.* On October 17, 2019, mail sent to Plaintiff at his address of record was returned as undeliverable with no forwarding address. (ECF No. 47). To date, Plaintiff has not informed the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules also state:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 11) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of November 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge